IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DWAYNE M. ROANE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 116-059 |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Dwayne M. Roane appeals the decision of the Acting Commissioner of Social Security denying his application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

**I.  BACKGROUND**

Plaintiff applied for DIB in May of 2014, alleging a disability onset date of September 23, 2013. (Doc. no. 19-5, pp. 26-27.)[2] Plaintiff's last insured date for purposes of the DIB

---

[1]The Court takes judicial notice that on January 20, 2017, Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), the Court **DIRECTS** the Clerk of Court to substitute Nancy A. Berryhill as Defendant in this case.

application is December 31, 2018. (Doc. no. 19-3, p. 2.) Plaintiff was forty-two years old on his alleged disability onset date. (Id.) Plaintiff applied for benefits based on allegations of the following conditions: PTSD; cervical strain with intervertebral disc syndrome (IVDS); lumbar (IVDS) with degenerative joint disease; left shoulder injury; right shoulder injury; radiculopathy, left upper extremity with cervical strain; patellofemoral syndrome left knee; patellofemoral syndrome right knee; left ankle injury; and pryosis (frequent heartburn). (Id.) Plaintiff has one year of college education, and prior to his alleged disability, Plaintiff had accrued relevant work history as a military counter intelligence special agent. (Doc. no. 19-2, p. 30; doc. no. 19-6, p. 7.)

The Social Security Administration denied Plaintiff's applications initially, (doc. no. 19-3, pp. 2-16), and on reconsideration, (id. at 18-34). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), (doc. no. 19-4, pp. 12-13), and the ALJ held a hearing on September 14, 2015. (Doc. no. 19-2, pp. 40-82.) At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, as well as from Otis Pearson, a Vocational Expert ("VE"). Id. On November 25, 2015, the ALJ issued an unfavorable decision. (Id. at 22-32.)

Applying the sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since September 23, 2013, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq.*).

2. The claimant has the following severe impairments: posttraumatic stress disorder and degenerative joint disease (20 C.F.R. § 404.1520(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in

---

[2]The Court normally cites to the transcript page numbers in its Report and Recommendation ("R&R"). However, the Commissioner filed the transcript with exhibits out of order and without stamped transcript numbers. Therefore, for ease of reference, the Court will cite to the CM-ECF document and page numbers throughout this R&R.

2

> 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).
>
> 4. The claimant has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b)[3] with further limitation to lifting and carrying 20 pounds occasionally and 10 pounds frequently; no overhead work with either hand; no stooping or climbing ladders, ropes or scaffolds; no constant climbing stairs, balancing, kneeling, crouching, or crawling; limited to the simple routine tasks of unskilled work with no public contact and only occasional contact with co-workers; and limited to low stress jobs with no high production quotas, no jobs where paid on a piece rate basis and no work in coordination or conjunction with co-workers, that is, no team-type work. Thus, the claimant is unable to perform any past relevant work (20 C.F.R. § 404.1565).
>
> 5. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform, including laundry folder, remnant sorter, and garmet sorter (20 C.F.R. §§ 404.1569 and 404.1569(a)). Therefore, the claimant has not been under a disability, as defined in the Social Security Act, from September 23, 2013, through November 25, 2015 (the date of the ALJ's decision) (20 C.F.R. § 404.1520(g)).

Id. at 24-31.

When the Appeals Council ("AC") denied Plaintiff's request for review, id. at 2-4, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues the Commissioner's decision is not supported by substantial evidence because the ALJ (1) failed to account for the full range of Plaintiff's mental limitations in formulating

---

[3]"Light work" is defined as:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 404.1567(b).

3

Plaintiff's RFC; and (2) failed to find Plaintiff credible despite his good work history. See doc. no. 21 ("Pl.'s Br."). The Commissioner maintains the decision to deny Plaintiff benefits is supported by substantial evidence and should therefore be affirmed. See doc. no. 22 ("Comm'r's Br.").

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of

fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding judicial review of Commissioner's legal conclusions are not subject to substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

Plaintiff argues the ALJ failed to properly account for the full range of Plaintiff's mental limitations in his RFC formulation. See Pl.'s Br., pp. 15-19. Plaintiff also contends the ALJ's credibility finding regarding Plaintiff was not supported by substantial evidence. See id. at 19-21. As explained below, the ALJ thoroughly considered evidence regarding Plaintiff's mental limitations and incorporated that evidence into his RFC formulation. Furthermore, the ALJ's credibility determination was not undermined by Plaintiff's work history and was supported by substantial evidence. Therefore, none of Plaintiff's arguments form a valid basis for reversal or remand.

### A. Step Four Framework for Formulating Plaintiff's RFC

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or her

impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted). Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012).

Limitations are divided into three categories: (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing or pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations. Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (citing 20 C.F.R. § 404.1569a(b)-(d)). When determining whether a claimant can return to his past relevant work, the ALJ must consider "all the relevant medical and other evidence." Phillips, 357 F.3d at 1238.

In categorizing the physical exertion requirements of jobs, the Commissioner classifies jobs as sedentary, light, medium, heavy, and very heavy. 20 C.F.R § 404.1567. Here, the ALJ determined Plaintiff has the ability to perform light work with several additional limitations. "Light work" is defined as work that involves

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

6

20 C.F.R. § 404.1567(b).

In determining at step four in the sequential process whether Plaintiff's RFC for a light work would allow him to perform past relevant work, the ALJ consulted the VE in accordance with 20 C.F.R. § 404.1560(b)(2), which provides as follows: "A vocational expert or specialist may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy." Because of the nature of Plaintiff's military work, there is no real civilian equivalent and thus Plaintiff could not perform his past relevant work. (Doc. no. 19-2, pp. 76-77.) However, the VE identified laundry folder, remnant sorter, and garment sorter as other work a hypothetical individual with the Plaintiff's age, education, and past job experience could perform and that exist in Georgia and the national economy. Id. at 77-79.

### B. The ALJ Properly Considered Plaintiff's Mental Limitations in Formulating His RFC.

Plaintiff argues that the ALJ failed to properly assess his mental limitations in formulating his RFC. In discussing Plaintiff's mental limitations, the ALJ reviewed the medical record in detail, and in particular, the psychological consultative evaluation performed by Dr. Adrian Janit in September 2014. Id. at 27-28. The ALJ noted that Plaintiff described his attitude toward his supervisors as respectful and cooperative and that he gets along with his co-workers. Id. at 27. He also acknowledged Plaintiff's sleeping problems, specially noting that Plaintiff sometimes has problems falling asleep and wakes up on average two times per night with nightmares related to his deployment. Id. The ALJ reviewed evidence of Plaintiff's interactions with friends and others in the community, as well as tests of his reasoning, judgment, orientation, and other mental abilities. Id. at 27-28. Finally, the ALJ gave great weight to the VA rating

7

regarding Plaintiff's PTSD symptoms, and incorporated those findings into his RFC determination. Id. at 30.

Plaintiff's citations to record of his struggles with panic attacks, memory, and following directions, and chronic insomnia do not undermine the ALJ's thorough decision. Plaintiff cites record evidence showing Plaintiff experiences panic attacks several times per week lasting from one to one and a half hours, and asserts the ALJ's "restriction to low-stress, non-public jobs hardly seems to effectively account for this limitation." Pl.'s Br., pp. 16-17. However, Plaintiff does not elaborate on this contention, and the ALJ noted "everyday stressors might have the potential to trigger and/or exacerbate [Plaintiff's] psychological symptoms," which indicates he took into account triggers of stressors in formulating the RFC. (Doc. no. 19-2, p. 28.)

Similarly, Plaintiff argues the ALJ ignored his memory and concentration difficulties, pointing to a mental status exam on February 18, 2015 revealing Plaintiff's "immediate retention and recall and delayed memory appeared impaired[.]" (Pl.'s Br., p. 17 (quoting doc. no. 19-59, p. 32).) However, the ALJ took Plaintiff's memory and concentration limitations into account in formulating his RFC, noting Plaintiff's "short-term memory appeared impaired and he took a noticeably lengthy amount of time to answer questions requiring higher mental effort, which would likely impair his ability to attend to tasks in many settings." (Doc. no. 19-2, p. 28.)

Plaintiff also contends the ALJ ignored Plaintiff's battle with chronic insomnia. Pl.'s Br., pp. 17-18. However, the ALJ specifically mentioned Plaintiff's sleeping problems in his RFC analysis, noting Plaintiff has difficulty falling asleep and "typically wakes up two times per night because of nightmares related to his deployment." (Doc. no. 19-2, p. 27.) In all his arguments, Plaintiff essentially asks the Court to reweigh the evidence and substitute its judgment for that of the ALJ, which it may not and will not do. See Moore, 405 F.3d at 1211; Cornelius, 936 F.2d at

8

1145.

Finally, Plaintiff's contention that the ALJ failed to account for State Agency medical consultant Dr. Gore's opinion that Plaintiff would "fare best in a non-stressful environment where change is introduced gradually" is contrary to fact. See Pl. Br., p. 18; (doc. no. 19-3, p. 32). The ALJ specifically gave Dr. Gore's opinion significant weight, and clearly incorporated that opinion into his RFC by limiting Plaintiff to "unskilled, low-stress work with no public contact and limited contact with co-workers," a limitation in line with Dr. Gore's opinion. (Doc. no. 19-2, pp. 29-30.) Thus, Plaintiff's contention is without merit.

In sum, the ALJ's analysis of Plaintiff's mental limitations is supported by substantial evidence.

### C. The ALJ Properly Analyzed Plaintiff's Subjective Complaints.

Plaintiff also argues the ALJ erred in assessing his credibility as it relates to his subjective complaints by failing to consider his excellent work history. Pl.'s Br., pp. 19-21. As set forth in the ALJ's opinion, Plaintiff testified he has constant low back and joint pain exacerbated by standing, walking, use of hands, and overhead work. (Doc. no. 19-2, p. 29.) Plaintiff further testified he has difficulty sitting, standing, and walking because of drowsiness and dizziness due to his medications, and that he gets anxious in large groups. (Id. at 28-29.)

#### 1. The Standard for Evaluating Subjective Complaints

The Eleventh Circuit has established a three-part standard for evaluating a claimant's subjective complaints. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). Under the Eleventh Circuit's standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical

9

condition is such that it can reasonably be expected to give rise to the claimed restriction. Id. When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995). Under the applicable regulations, the ALJ must consider "all evidence, including subjective statements about the intensity, persistence, and functionally limiting effects of pain [as well as] the objective medical evidence, laboratory findings and statements from treating or nontreating sources about how the symptoms affect the claimant in deciding the issue of disability." Jarrell v. Comm'r of Soc. Sec., 433 F. App'x 812, 814 (11th Cir. 2011) (citing 20 C.F.R. § 404.1529(c)(4)).

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to uphold the Commissioner's credibility determination if it is supported by substantial evidence. Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980).[4] As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [the claimant's] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005) (internal quotation marks and citations omitted). As explained below, the ALJ properly conducted the Holt analysis and reached the conclusion that Plaintiff's medically determinable impairments could possibly cause the alleged symptoms, but his subjective complaints concerning the intensity, persistence, and

---

[4]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

10

limiting effects of the symptoms were not entirely credible.

### 2. The ALJ Thoroughly Discussed and Properly Discredited Plaintiff's Subjective Complaints.

Plaintiff argues, in considering his credibility, the ALJ failed to consider his exemplary work history. Pl.'s Br., pp. 19-22. Plaintiff does not attack the ALJ's credibility determination directly, but instead argues that because the ALJ did not make an explicit finding regarding Plaintiff's excellent work history, the rest of his credibility determination is invalid. Id. at 21. However, as Plaintiff concedes, work history alone does not establish or even enhance a plaintiff's credibility. See Edwards v. Sullivan, 937 F.2d 580, 584 (11th Cir. 1991) (holding ALJ's credibility determination supported by substantial evidence despite plaintiff's good work history). Moreover, "'there is no rigid requirement that the ALJ specifically refer to every piece of evidence in [his] decision,' so long as the decision enables the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole." Lewen v. Comm'r of Soc. Sec., 605 F. App'x 967, 968 (11th Cir. 2015) (quoting Dyer v, 395 F.3d at 1211); see also Cooper v. Comm'r of Soc. Sec., 521 F. App'x 803, 808-09 (11th Cir. 2013) ("the ALJ stated that he considered the record in its entirety, and he was not required to discuss every piece of evidence in denying her application for disability benefits").

Here, it is clear the ALJ considered Plaintiff's medical condition as a whole in making his credibility determination. The ALJ properly found Plaintiff's allegations of severe pain and physical limitations not credible because they conflicted with clinical and diagnostic studies that showed no bone, joint, or spine abnormalities of the type alleged. (See doc. no 19-2, p. 29.) The ALJ also properly discredited Plaintiff's allegations regarding his medication side effects because he did not report those effects to his treating physicians. (See id.) Plaintiff does not contend these findings were improper or produce any evidence indicating such.

Furthermore, the ALJ did not discount all of Plaintiff's allegations. Indeed, he explicitly found Plaintiff's allegations regarding mental limitations credible, and incorporated those limitations into his RFC determination. (Id. at 29.) That he did not explicitly state he considered Plaintiff's work history does not undermine his well-founded credibility determination. See Edwards, 937 F.2d at 584; Dyer, 395 F.3d at 1210-11.

Although Plaintiff may disagree with the conclusion reached by the ALJ, the credibility determination is supported by substantial evidence.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 31st day of July, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA